IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RHONDA WILLIAMS, | * |
| Plaintiff | * |
| | * Civil No. **PJM 09-1009** |
| **JOHN POTTER, et al.** | * |
| Defendants | * |

**MEMORANDUM OPINION**

Rhonda Williams, *pro se*, has sued John E. Potter, Postmaster General of the United States Postal Service; Ladonna L. Griffith-Lesesne, an attorney with the United States Postal Service; and Anthony Jones, Williams's immediate supervisor (collectively "USPS"). Williams alleges that USPS retaliated against her for exercising her rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*

USPS has filed a Motion to Dismiss or, in the Alternative, for Summary Judgment [Paper No. 19], arguing that Williams cannot establish a *prima facie* case under the FMLA, and has otherwise failed to show that USPS's legitimate, non-discriminatory reasons are pretextual. Because USPS has cited evidence outside the four corners of the pleadings and Williams has responded in kind, the motion will be treated as a Motion for Summary Judgment. *See, e.g., Smith v. Blackledge*, 451 F.2d 1201, 1202 (4th Cir. 1971) ("Since the motion to dismiss was supported by facts outside the pleading, it should have been treated as a motion for summary judgment." (citing FED. R. CIV. P. 12(b))). For the foregoing reasons, USPS's Motion for

Summary Judgment is **GRANTED**.

## I.

Williams is the sole provider for her eight-year-old daughter, who suffers from epilepsy and autism, and who thus is covered under the FMLA. At all relevant times, Williams worked as a Part-Time Flexible ("PTF") city letter carrier, Grade-6, at the United States Post Office in Fort Washington, Maryland.

In early 2007, she worked from either 7:30 a.m. to 4 p.m. or 8 a.m. to 5 p.m. on her then assigned route. On August 27, 2007, she requested a temporary schedule change to work from 9:20 a.m. to 5:50 p.m. because she had lost child care for her daughter, and the schedule change would allow her to make sure her daughter got on the special education bus for school in the morning. USPS approved her request, and Williams worked this schedule for the next three months. However, as reflected in her "Employee Everything Report," Williams reported to work later than 9:20 a.m. on at least 25 separate occasions between September and November 2007. On a vast majority of these occasions, Williams arrived between one and five minutes late. She claims that USPS has a policy of giving every employee a grace period of five minutes after his or her scheduled starting time.

On November 30, 2007, Williams returned to the post office at the end of the day with undelivered mail. She alleges that this was "overtime mail," and that due to traffic and her concern about caring for her daughter, she was unable to deliver all of it.

The next day Williams's direct supervisor, Anthony Jones, informed her that he was changing her schedule to 10:30 a.m. to 5 p.m., thus reducing the number of hours that she could work each day. Williams claims that Jones expressly told her he changed her hours due to her

"'FMLA situation,'" and instructed her that she could not work eight hours per day again "'until [her] FMLA situation [got] better.'" (Am. Compl. 3.) Williams alleges that her supervisors never indicated to her that her attendance was a problem. As a result of the schedule change, Williams claims she was not able to earn all of her annual and sick leave and her pay was reduced.

On December 6, 2007, Williams filed an amended complaint with the Equal Employment Opportunity Commission, alleging that Jones had discriminated against her based on her sex and on her disability by association (i.e., association with her disabled daughter). On December 17, 2008, an EEOC Administrative Law Judge (ALJ) granted USPS's motion for summary judgment. Williams then filed a Complaint in the District Court for Prince George's County, Maryland. USPS removed the case to this Court, and subsequently filed for summary judgment here. Although the Court denied the motion without prejudice, it directed Williams to file an amended complaint clarifying whether she intended to state a claim under Title VII or under the FMLA, or both. Williams thereafter filed the instant Amended Complaint. USPS now moves to dismiss, or in the alternative, for summary judgment as to that pleading.

## II.

A movant is entitled to summary judgment if the evidence in the record "show[s] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *accord Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). To withstand summary judgment, the non-moving party must prove that there is a "genuine issue of material fact," *Matsushita Elec. Indus. Comp. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), but only after the moving party satisfies its burden of producing evidence establishing

that no such issue exists. *Celotex*, 477 U.S. at 322. The "mere existence of a scintilla of evidence" will not be sufficient to create a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). The court must view the facts and all inferences drawn from the facts in the light most favorable to the non-moving party. *Matsushita*, 475 U.S. at 586. Although *pro se* pleadings are "held to less stringent standards than formal pleadings drafted by lawyers," *Allen v. Brodie*, 573 F. Supp. 87, 89 (D. Md. 1983) (quoting *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)), they "must still set forth facts sufficient to withstand summary judgment." *Symeonidis v. Paxton Capital Group, Inc.*, 220 F. Supp. 2d 478, 480 n.4 (D. Md. 2002).

### III.

The Amended Complaint states a claim only under the FMLA.[1]

The FMLA, 29 U.S.C. § 2615(a)(2) (2009), gives an employee a cause of action against an employer who "discriminates and/or retaliates against him or her for 'opposing any practice made unlawful' by the Act." *Cline v. Wal-Mart Stores, Inc.*, 144 F.3d 294, 301 (4th Cir. 1998) (quoting § 2615(a)(2)). To establish a *prima facie* case of retaliation, a plaintiff must show that (1) she engaged in protected activity; (2) she suffered an adverse employment action; and (3) a

---

[1] To the extent that Williams's Amended Complaint mentions Title VII of the Civil Rights Act of 1964, her claim will be dismissed under Rule 12(b)(6) for failing to state a claim. The Amended Complaint discusses employment discrimination only in terms of disability, or disability by association. It does not allege discrimination based on race, gender, or any other protected class under Title VII. *See* 42 U.S.C. § 2000e-2(a)(1) (2009) (prohibiting discrimination based only on "race, color, religion, sex, or national origin"). Federal courts have expressly held that Title VII does not provide relief for discrimination claims based on disability. *See, e.g., Davis v. Team Elec. Co.*, 520 F.3d 1080, 1093 n.8 (9th Cir. 2008); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007); *Clark v. City of Dublin*, 178 F. App'x 522, 525 (6th Cir. 2006); *Jones v. Family Health*, 333 F. Supp. 2d 681, 692 (D.S.C. 2003); *Thomas v. N. Telecom, Inc.*, 157 F. Supp. 2d 627, 633 (M.D.N.C. 2000). This Court joins them in so holding.

causal connection existed between the protected activity and the adverse employment action. *Yashenko v. Harrah's NC Casino Co.*, 446 F.3d 541, 550–51 (4th Cir. 2006) (citing *Cline*, 144 F.3d at 301). If the plaintiff proves a *prima facie* case, the burden shifts to the defendant to produce evidence of a legitimate, non-discriminatory reason for the adverse employment action. *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 285 (4th Cir. 2004) (en banc); *see also Yashenko*, 446 F.3d at 550–51 ("FMLA claims arising under the retaliation theory are analogous to those derived under Title VII and so are analyzed under the burden-shifting framework of *McDonnell Douglas*[.]"). If the defendant meets this burden, the burden shifts back to the plaintiff to prove that the employer's stated reasons were not its true reasons, but were a pretext for FMLA retaliation. *Nichols v. Ashland Hosp. Corp.*, 251 F.3d 496, 502 (4th Cir. 2001).

Williams has failed to establish that she suffered an adverse employment action. To establish an adverse employment action in a retaliation case, the plaintiff "must show that a reasonable employee would have found the challenged action materially adverse." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). In the present context, this standard "'means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Id.* (quoting *Rochon v. Gonzales*, 438 F.3d 1211, 1219 (D.C. Cir. 2006)). This is a "heavy burden for the plaintiff: the alleged adverse action must be material." *Csicsmann v. Sallada*, 211 F. App'x 163, 168 (4th Cir. 2006).

Williams asserts that "[b]y the defendant reducing [her] hours while [she] was in a full-time duty assignment caused [her] not to earn all of [her] annual leave, sick leave and a reduction in pay which is an adverse employment action." (Pl.'s Resp. 7.) However, she has provided no

evidence to substantiate this bald assertion. In particular, she has not presented evidence suggesting that the change in her hours reduced her salary, benefits, grade level, or any other aspect of her employment. As this Court has previously noted, a *pro se* litigant's "assertion completely unsupported by evidence is not sufficient to overcome a motion for summary judgment." *Taylor v. Potter*, Civil Nos. PJM 03-1244, PJM 03-1485, 2004 WL 5463041, at *2 (D. Md. Jan. 30, 2004).

Moreover, the change in Williams's hours, without more, is not sufficient to establish an adverse employment action because, as a PTF employee, Williams was entitled to only four hours of work per day. The collective bargaining agreement between USPS and the National Association of Letter Carriers, AFL-CIO provides that "[p]art-time employees . . . may be scheduled for less than eight (8) hours per service day and less than forty (40) hours per normal work week." (Def.'s Ex. 7 at 4.) As a PTF, Williams admits that she understood she was not entitled to work eight hours per day, as she stated in her EEO Investigative Affidavit that there "was no guarantee that [she] work 8 hours since [she] was a PTF." (Def.'s Ex. 2 at 8.) In a similar case, the U.S. Court of Appeals for the Seventh Circuit recently held that working fewer than forty hours per week did not constitute a materially adverse employment action for a PTF letter carrier because her "position as a part-time flexible letter carrier entitled her to only four hours of work per day." *Manning v. Potter*, 250 F. App'x 743, 746 (7th Cir. 2007). Thus, the Seventh Circuit concluded that the PTF letter carrier failed to show that she suffered an adverse employment action. *Id.*

The ALJ in this case granted USPS's motion for summary judgment precisely because Williams had not proven that she suffered an adverse employment action. The ALJ explained

that because Williams was a PTF carrier, she did not have "a right to more than a 4 hour work day or a right to a set schedule," and management had an exclusive right to schedule her "in accordance with the needs of [USPS's] operation." (Def.'s Ex. 1 at 7.)

The Court reaches a similar conclusion. In light of the collective bargaining agreement between USPS and the letter carriers union, no reasonable PTF employee could expect to be entitled to forty hours of work per week. Accordingly, Williams's reduction in hours to slightly less than forty hours per week was not a materially adverse employment action. She has not established a *prima facie* case of FMLA retaliation. Absent a genuine issue of material fact, on this fundamental element, Williams's claims do not survive summary judgment.

## IV.

For the foregoing reasons, the Court **GRANTS** Defendants' Motion for Summary Judgment [Paper No. 19].

A separate Order will issue.

March 24, 2010

/s/ **PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**